HECTOR LA VALLEY, Respondent, *v.* WILLIAM H. STANFORD, Appellant.

Third Department, June 29, 1945.

*Patrick J. Tierney,* attorney for appellant.

*Allen M. Light,* attorney for respondent.

LAWRENCE, J. This is an appeal from a judgment entered upon a verdict at the April, 1944, Term of the Supreme Court of Clinton County.

The action was brought to recover damages for personal injuries. Plaintiff brought three separate actions. One action was brought against the Board of Education of the Altona Centralized High School. Another action was brought against Ralph J. Pombrio. The third action was the one above entitled.

The plaintiff was a student in the Altona Centralized High School. Ralph J. Pombrio was the principal of that school. The defendant in the case at bar was the physical education instructor at that same school. The cases were tried together before the same jury, but were not consolidated. The action against the defendant Stanford was based on his alleged negligence in the supervision of students while engaged in boxing as a part of the school activities. The action against the Board of Education was based upon negligence in failing to provide competent instructors and in permitting boxing to be part of the physical training program. Trial was held April 4, 5 and 6, 1944. At the close of the plaintiff's case motions for nonsuit and for dismissal of the complaint and for judgment were made by the defendant in each separate case. Decision was reserved. The defendants then rested. Thereupon motion was made by the defendant in the case against the Board of Education for a directed verdict. Decision was reserved. Motion was also made by the defendant in the case against Ralph J. Pombrio for a directed verdict. Decision was reserved. Motion was also made by the defendant Stanford for a directed verdict. That motion was denied.

The issues were submitted to the jury against all three of the defendants. The court applied the rule of liability in each

particular case, stating the rules of law pertinent to each separate defendant. When the jury returned to court, the foreman stated that they had agreed upon a verdict, further stating that the jury found the Board of Education negligent and the defendant Stanford negligent. The court inquired as to the amount. The foreman replied, "Are we supposed to set the amount?" The foreman, further replying to a question by the court, said that they found a verdict of $2,000 against the Board of Education and $1,500 against the defendant Stanford. He also announced that the verdict in the case against Pombrio was no cause of action. Thereupon the attorney for the Board of Education moved to set aside the verdict against the Board of Education upon the usual grounds and also upon the ground that it was inconsistent with the verdicts in the other cases. Motion was made to set aside the verdict in the case against Stanford upon the usual grounds and also upon the ground that it was inconsistent with the other verdicts. Decisions were reserved. No motion was made for a new trial.

Afterward the court handed down a decision in which he granted the motion to set aside the verdict against the Board of Education and granted the motion for a directed verdict in its favor. The court denied the motion to set aside the verdict in the case against Stanford and directed a verdict in favor of the plaintiff against Stanford in the sum of $3,500 and costs. This judgment is dated August 22, 1944. The appeal is from that judgment.

When the motion for a directed verdict in favor of the Board of Education was granted it carried with it the cancelation of damages for which the jury had said the Board of Education was liable in the case against it. There was no justification for adding the amount of $2,000, found against the Board of Education, to the amount of $1,500, found against the defendant Stanford.

The verdict in favor of the principal, Ralph J. Pombrio, was proper. Granting the motion for a directed verdict in favor of the Board of Education was proper. That motion was not granted until after verdict. This practice confused the only issue which the jury should have considered.

The injuries were serious. The judgment should be reversed on the law and facts and a new trial against the defendant Stanford should be granted, with costs.

All concur.

Judgment reversed on the law and facts and new trial granted, with costs to appellant to abide the event.